The opinion of the court was delivered by
Watkins, J.
In 1877 the plaintiff, as a going corporation, made-sale of a piece of city real estate to Abraham Levi for the price of §22,000, of which §6000 was paid in cash, and for the balance the purchaser gave notes secured by mortgage and vendor’s lien. During the year ensuing Levi died testate. By the terms of his will, and of the law, his surviving widow was recognized as the owner in her own right and as legatee of decedent’s half the of the community property, less the shares of three heirs of one-tenth each, subject to the widow’s usufruct during life. The will was duly probated and Mrs. Levi placed in possession.
Alleging the non-payment of the capital and some of the interest instalments, and the failure of the widow and heirs to pay the taxes-assessed against the mortgaged property, the liquidating commissioners of the insurance company brought an ordinary action against them jointly, asking judgment for the debt and the enforcement of the vendor’s lien and mortgage securing same. Judgment was obtained, fi. fa. was issued and a sale and adjudication of the property made to the plaintiff in the writ, at the price of §7400, but the sheriff declined to execute a proces verbal of sale, because of the inscription against the property of certain tax liens, privileges and mortgages. To clear the record of these incumbrances as impediments to the execution of a deed of sale, the plaintiff and adjudicatee proceeded by rule against the civil sheriff and the city of New Orleans to show cause why same should not be erased, and from a judgment making same absolute the city has appealed.
*434 The tax inscriptions are those of taxes assessed for the years 1882, 1883, 1884,1885, 1886, 1887,1888 and 1889, and aggregating in amount about 83500 in capital only.
The objections urged to the assessments are: first, that they were made in the name of Widow Abraham Levi, who was not the sole owner of the property, the title thereto being jointly vested in Widow Abraham Levi and the three heirs of the deceased; second, that the taxes, liens and privileges are prescribed, and the inscriptions are therefore void.
An examination of the record fully bears out the correctness of the foregoing statement of facts, and we have for decision two questions of law, viz: first, the legality of the assessments; second, the prescription of the taxes.
I.
Confessedly, the plaintiff in rule is seeking to realize a community debt by the seizure and sale of community property, in proceedings taken against the widow and heirs of the deceased partner in community, who bought the same, and consented to a mortgage thereon for the price.
In a recent case we had occasion to say, substantially, that notwithstanding the actual dissolution of a community of acquets and gains, by the demise of one of the spouses, it has a fictitious existence thereafter, for the purpose of liquidating and discharging community debts; and, as a necessary corollary of that proposition, that although the respective interests of the survivor and heirs are ascertained, and attach, at the very instant of the death of the deceased, yet their rights of possession and dominion remain in suspense so long as there are community debts unpaid. Succession of Dumestre, 42 An.-.
So, in this instance the title of the property remained in abeyance during the several years in which the complained of assessments were made, the rights of the parties being suspended by the wow-action of plaintiff in the foreclosure of its mortgage. If it suited the convenience or pleasure of the corporation to indulge the mortgagee, so that it might realize interest on its debt, it should not expect the city to lose her revenue on account of a possible defect in assessments on the mortgaged property, which was occasioned by the precarious condition of the title, and through its tardiness or delay.
*435 It is a fact in proof, that the property was, for each year, assessed to Widow Abraham Levi.
The taxes thus levied were regularly paid to the State for all those years; and those for the years 1881, 1880 and preceding years, were annually paid .to the city. The tax delinquents have thus, by very strong implication, ratified and acquiesced in the assessments as made.
In case of Carter, Congreve vs. City, 33 An. 816, we said of a similar assessment:
“When the assessment made, with certain description and in a certain name, is valid either of itself or by reason of confirmatory action of the owner, publication and judgment in the same name and with the same description will be upheld, if otherwise regular. Lane vs. March, 33 An. 554.”
In Reed vs. Creditors, 39 An. 115, we applied the doctrine of equitable estoppel to a tax delinquent who complained of the accuracy and sufficiency of assessments.
Desty affirms the principle that “ the fact that a tax on land is assessed to one who does not own it, affords no sufficient reason why the tax should be abated on the owner’s appeal, it not being shown that the tax is excessive.” 2 Desty on Taxation, pp. 628, 629; Carpenter vs. Town of Dalton, 58 N. H. 615.
In Shattuck & Hoffman vs. New Orleans, 39 An. 206, we enforced the provisions of a statute of 1884, which permitted the tax payer to test the correctness of his assessment before the courts, within a specified time; and held that a previous application to the standing committee on assessments was a condition precedent to his right of action, and its non-observance was fatal to his pretension.
In Oteri vs. TaxCollector, 42 An. 374, we said of quitea similar objection to an assessment, urged on the part of a tax payer, viz:
“The contention that some of the property assessed in plaintiff’s name was not owned exclusively- by himself, but owned by himself conjointly with others, involves only the correctness of the assessment and can not be urged at this time” — •i. e., the remedy pointed out in Shattuck & Hoffman’s case should have been seasonably applied, but it had been neglected and lost.
Taking this to be the established rule, in respect to the tax payer, can it be contended effectually that his mortgage creditor has any more serious ground of objection? No. The commissioners of the *436 insurance company sue in affirmance of the tax payer’s title, and their petition contains an averment that they had defaulted in the payment of the taxes, as one of their causes of action. They claim to be the adjudicatees of their title, at public auction, and demand a deed to the property, and to be placed in possession. They can not ■assert any right as growing out of such adjudication which their mortgagors could not assert for themselves.
The situation of the insurance company is not that of a third person asserting title to property under expropriation for taxes illegally assessed; or a right of property adverse to the tax payer; or of joint ownership in property condemned to sale for such taxes.
It is to such cases that the authorities cited by plaintiff’s counsel apply. Sutton vs. Calhoun, 14 An. 209; Marin vs. Sheriff, 30 An. 293; Bank vs. Lannes, 30 An. 875; Lague vs. Boagni, 32 An. 913; Guidrey vs. Broussard, 32 An. 925; Stafford vs. Twitchell, 33 An. 520; LeBlanc vs. Blodgett, 34 An. 107; Davenport vs. Knox, 34 An. 407; Denegre vs. Grac, 35 An. 953; Masparau vs. New Orleans, 38 An. 401.
Had a sale been made in the enforcement of taxes levied under such assessment, the principle announced would not militate against the right of an adverse claimant or joint owner of an interest in the property to sue for the annulment thereof pro tanto, on the ground of nullity in the assessment.
It is, simply and expressed tersely that property so assessed, having been sent to sale under executory proceedings foreclosing a mortgage, whereby the rights of ownership in all of the eo proprietors passed to the creditor, neither the delinquent tax payer nor his mortgagee can dispute the right of the city to require the payment of the taxes due, as a condition precedent to the execution and delivery of a prooes verbal of sale to the purchaser.
In this respect the judgment of the court a qua making plaintiffs’ rule absolute is erroneous.
II.
The prescription urged against the tax liens and privileges which interfere with the vendor’s lien, and mortgage of the insurance company, is that contained in the 176th Article of the Constitution, and which is couched in the following language, viz:
“No mortgage or privilege on immovable property shall affect third persons, unless recorded or registered in the parish where the prop *437 erty is situated, in the manner and within the time as is now or may be prescribed by law, except privileges for expenses of last illness, and privileges for taxes, State, parish and municipal; provided, such privileges shall lapse in three years.” (Italics ours.)
In Davidson vs. Lindop, 36 An. 765, we had occasion to construe this constitutional provision, and held that “the limitation of three years” therein contained “only applies to the special privileges named, when they are unrecorded,” and said: “We understand the article to mean and to say, that no unrecorded privilege shall affect third persons except the special ones mentioned, which, though unrecorded, shall have effect,” ‘ provided such (unrecorded) privileges shall lapse in three years.’ ” That interpretation is perfectly correct, and has never been questioned; on the contrary, has been affirmed, and it is conclusively against the demand of plaintiff, because from the record it appears that the liens and privileges for city taxes have been duly registered or preserved as the law requires, and are not, therefore, within the terms of the proviso of that article.
The judgment appealed from is erroneous in so far as it maintains the plaintiff’s plea of three years’ prescription, and- therefore it must be reversed in its entirety.
It is therefore ordered and decreed that the judgment appealed from be reversed; and it is now ordered and decreed that the demands of plaintiffs in rule be rejected at their cost in both courts.